```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America,          :

      Plaintiff,              :

  v.                                 :      Case No. 2:15-cr-234(1)

                                        :

Harold Ross,                              JUDGE JAMES L. GRAHAM

      Defendant.              :

### ORDER

    Defendant Harold Ross was charged in a criminal complaint filed in this Court on August 19, 2015, with conspiracy, aiding and abetting, and aggravated identity theft.  The complaint set out a scheme by which Mr. Ross and others would open a line of credit or obtain a credit card using a fraudulent military identification card which contained personal identifying information from various victims of the scheme.  The line of credit or credit card would then be used to obtain, or attempt to obtain, merchandise from stores like HH Gregg, Sears, Best Buy, Menard's, and similar places.  Mr. Ross' alleged role in the scheme involved both printing the fraudulent identification cards and directing others to open accounts and make purchases.  The total of the fraudulent charges allegedly reached $135,000.00.

    After Defendant was arrested, he was released on his own recognizance, with, among others, the condition that he not violate any federal state, or local law while the case was pending.  <u>See</u> Doc. 7.  The grand jury indicted Defendant on October 15, 2015, charging him with one count of conspiracy and four counts of aggravated identity theft.  A superseding indictment was subsequently returned which added two more defendants and some additional charges.  The case is set for

trial on March 28, 2016.

On March 18, 2016, the United States filed a motion to revoke Defendant's bond.  The motion alleges that earlier this year, additional instances of the same type of conduct occurred in both Montgomery and Delaware Counties, and that the same fraudulent military ID was used in some of these transactions and Defendant was seen assisting the person who purchased items.  That person also identified Defendant as the one who supplied the identification card.

The Court held a hearing in this matter on March 23, 2016.  Defendant stipulated to the behavior described in the motion for purposes of the hearing.  However, he argued that he should be released on home confinement.

18 U.S.C. §3148(b) provides that the Court "shall enter an order of revocation and detention if ... there is probable cause to believe that the person has committed a Federal, State, or local crime while on release" and also finds that the person is either a danger to the community or a risk of flight, or that the person "is unlikely to abide by any condition or combination of conditions of release."  It also states that "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Here, the probable cause finding has been made, based on Defendant's decision not to contest the facts alleged in the United States' motion.  Those facts indicate that the prior conditions of release did nothing to deter Defendant from continuing to engage in exactly the same type of criminal behavior for which he has been indicted.  His offer to be confined to his home is not enough to rebut the presumption that

he poses a danger to the community, and, in addition, the Court finds from the evidence that Defendant is not likely to abide by any conditions of release.  He was warned both that a violation of his bond conditions could result in his incarceration and that he was facing a ten-year prison term if he committed a new felony while on bond, but these warnings were apparently not enough to deter him.  Under these circumstances, bond revocation is required.  The Court therefore grants the motion to revoke (Doc. 86) and orders Defendant held without bond pending further proceedings.

    The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge